■ In the Matter of the Claim of ANNA VON DER LIN, Respondent, against 635 PARK AVE. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants appeal from award of disability and death benefit claims. If the disability was a compensable accident, there is a relationship between the disability and resulting death so the award to claimant herein would be proper. The decedent, 69 years of age, was a doorman working at the employer's apartment house. When he arrived to start work at 7 o'clock in the morning he would deliver the newspapers to the tenants on each floor of the apartment. On June 5, 1952, as was his custom, he met a neighbor, intending to drive him to work. He complained of dizziness and headaches and was assisted to his apartment, where he rested. After a few minutes, feeling better, he returned to the street where he met the neighbor and they drove in decedent's automobile to his place of employment. When he left the car he was complaining of headaches; he entered the building of the employer and while in the locker room changing his clothes he continued feeling dizzy, which condition apparently became progressively worse as he was operating the elevator and delivering the papers to the tenants. When he returned to the main floor, he had difficulty opening the door, due to his condition, stood in the doorway for a short period of time then collapsed. He was thereafter taken to the hospital where his condition was described as a cerebral vascular injury, in layman's language known as a "stroke". The testimony is undisputed that he had suffered such dizzy spells, which have been described as minor strokes, on at least four prior occasions caused by hypertension and high blood pressure. The board found that on the date herein while working for his employer he sustained a "headache attack", that he continued his work and that as a natural and unavoidable consequence thereof, he aggravated an underlying hypertension and arteriosclerosis and found that the disability was caused as a result of such accident and that his death was a natural and unavoidable result thereof. The record discloses, without serious dispute, that being on the street, driving his automobile, changing his clothes and operating the elevator, together with his physical condition, combined to cause his collapse. It might have happened if he stayed in bed, according to one witness. The medical testimony is substantial that the condition which resulted in a stroke while on the premises of his employer actually began at the time he felt ill while leaving

his apartment in the morning. There is no showing of unusual effort or strain of any kind or a single incident identifiable as a competent producing cause of a cerebral injury. There is meager medical testimony that continuing work aggravated the condition from which he was suffering prior to starting work but the record as a whole is conclusive that under the circumstances herein, there was no accident within the meaning of the Workmen's Compensation Law. This unfortunate individual was destined for a crippling illness and resulting death and his presence on the premises of his employer at the time of the fateful stroke was the only association with his employment. The record seems clear that anything he did that morning — driving his car, changing his clothes, operating the elevator — in no way contributed to the event so as to constitute an industrial accident. This is not a situation where the onset took place after arriving at work, nor can it be properly classified as continuing exertion after symptoms. Here the symptoms and warnings were continuous from before he left his home and there is no substantial evidence to sustain the finding of the board that while working for his employer he sustained a "headache attack" and that continuing to work was responsible for the stroke and resulting death. Many heart cases might be cited but the facts here are so decisive, precedent seems unnecessary. Decision and award of the Workmen's Compensation Board reversed and claim dismissed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.